TYSON *v.* EQUITABLE LIFE ASSURANCE SOCIETY.

PER CURIAM. An insurance policy, payable as a death claim to the insured's executors, administrators, or assigns, provided for loans by the insurer in amounts stated in a table, upon the due assignment of the policy to the insurer as collateral for such loans. It contained a clause that the "policy shall lapse and, together with all premiums paid thereon, shall forfeit to the [insurer] on the non-payment of any premium when due, except that, provided premiums shall have been paid for the periods respectively mentioned in the following table, there will be granted, without action on the part of the assured, paid-

up life assurance for the amount fixed in said table, or in lieu thereof, at the option of the assured, (1) the cash value fixed in said table, upon the due surrender of this policy to the [insurer] at its home office in New York City, at any time after its termination; or (2) provided this policy is surrendered within the days of grace [30 days from default in payment of premium], or, with satisfactory evidence of good health within one year thereafter, a paid-up term policy for the full amount assured under this policy, for the time stated in said table. The paid-up assurance, cash value, and paid-up term policy referred to herein are based on the number of full years premiums that have been paid, are granted without participation in profits, and are subject to reduction for any indebtedness to the [insurer] under this contract." Then followed a table of loans and surrender values. The insured, on payment of the tenth premium, borrowed an amount equal to the loan value of the policy for a year, and paid in advance the interest thereon. As collateral for the loan he assigned and delivered the policy to the insurer. The assignment contained a provision that in the event of default in the repayment of the loan on the day of its maturity, the insurer was fully authorized and empowered, without notice to and without demand for payment by the insured, to cancel the policy and to apply the cash-surrender value of such cancellation to the payment of the loan and any unpaid interest; and upon maturity of the policy, either by death or lapse of time, the insurer was empowered to exercise any right or option and accept and extend any privilege or other benefit held, possessed, or enjoyed by the insured, under the terms and conditions of the policy, including the right to commute any amount due in installments, whether provided for in the policy contract or not; and should the surrender value of the policy exceed the amount of the loan with interest, the excess value should be due and payable to the legal owner of the policy, on demand. Sometime after the payment of the tenth premium and the procuring of the loan, and while the policy was not in default, the insured became insane, which condition of insanity continuously existed up to the day when the eleventh premium fell due and the loan matured. Neither the premium nor the debt nor any part thereof was paid. The insured thereafter continued in an insane condition for eight months, when he died. The insurer took no affirmative action with respect to foreclosing its loan or exercising any power conferred on it by the insured in the contract of assignment. During the insanity of the insured he was not represented by guardian or otherwise. After the death of the insured there was administration on his estate; and upon the qualification of the administrator he promptly brought suit to recover the full amount of the policy, less indebtedness, on the ground that as administrator of the insured he had the right to elect the option for a paid-up term policy as provided in the policy, and that the term had not expired when his intestate died. The action was dismissed on demurrer. *Held:*

1. That upon default in the payment of the eleventh premium and the loan for which the policy was pledged, the policy automatically be-

came a paid-up policy for the amount fixed in the table therein stated, subject to the insured's substitution therefor of any of the options given in the policy. Equitable &c. Society *v.* Evans, 25 Tex. Civ. App. 563 (64 S. W. 74).

2. If in life, the insured, upon surrender of his policy within thirty days, was entitled to a paid-up term policy for the full amount of his policy for the time stated in the table, subject to reduction for indebtedness. This option was not exercisable after thirty days, notwithstanding the insanity of the insured during such time. See Balthaser *v.* Illinois &c. Co., 33 Ky. Law R. 283 (110 S. W. 258); Wheeler *v.* Conn. Mut. Life Ins. Co., 82 N. Y. 543 (37 Am. R. 594).

3. Although the insured died within a year from the default in payment of premium and loan, his administrator can not exercise the option of extended insurance given to the insured, for the reason that that option was conditioned upon the insured being in good health, and the insanity of the insured rendered him uninsurable as not being in good health. McNeill *v.* Southern &c. Ass'n, 40 App. Div. 581 (58 N. Y. Supp. 119, 122).

4. The provisions of the contract of assignment do not compel any election by the insurer of any option given in the policy to the insured.

5. The insured's administrator is entitled to recover the value of a paid-up policy, for such amount as the net amount of his reserve will purchase according to the table set out in the policy.

6. It is admitted in the brief of the defendant that under the policy the plaintiff is entitled to a sum due as for a paid-up policy. In agreeing with the contention of the defendant, as announced in the foregoing headnotes, that the plaintiff is not entitled to the amount due on the policy as extended insurance, we do not desire to deprive the plaintiff of a recovery of an admitted amount as paid-up insurance. We direct that the judgment be reversed, with direction, that the action proceed for a recovery of such amount as may be due as paid-up insurance under the terms of the policy.

*Judgment reversed, with direction. All the Justices concur.*
FEBRUARY 22, 1916.

Action upon insurance policy. Before Judge Charlton. Chatham superior court. December 7, 1914.

*Paul E. Seabrook, Raiford Falligant,* and *F. P. McIntire,* for plaintiff.

*Lawton & Cunningham,* for defendant.