ALICE E. GOULD, Respondent, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

**Appeal — reversal by Appellate Division on facts — when question of law is presented for this court — life insurance — lapse for non-payment of premium — policy not reinstated by simple payment of amount due where contract provides that proof of insurability must also be provided — keeping of premiums not a waiver.**

1. A question of fact is not necessarily raised by the statement that the Appellate Division reverses upon the facts. If there be no conflict in the evidence or in the inferences to be drawn therefrom, a question of law is presented for this court to pass upon.

2. Where a policy of life insurance provided that upon non-payment of the premium within thirty-one days after it was due said policy

should lapse and that it might be reinstated only by payment of the premium with interest and production of evidence of insurability satisfactory to the insurer, and the insured failed to pay the premium when due or at the expiration of an extension period which he procured, but eight months thereafter sent a check for the amount due, but upon being requested to supply evidence of his insurability failed to comply, it must be held that the policy has lapsed and has never been restored.

3. The fact that the insurer kept the premium did not constitute a waiver of the provision requiring proof of insurability.

*Gould* v. *Equitable Life Assurance Society*, 188 App. Div. 318, reversed.

(Argued May 3, 1921; decided May 10, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 11, 1919, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term, and granting a new trial.

*Charles W. Pierson* for appellant. This court has jurisdiction of the appeal unless a question of fact is actually involved. The recital in the order appealed from that the reversal by the Appellate Division was upon the facts as well as the law is not conclusive and must be disregarded unless it appears that there were controverted facts or that the undisputed facts reasonably admit of conflicting inferences. (*Otten* v. *Manhattan Ry. Co.*, 150 N. Y. 395; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *Matter of Totten*, 179 N. Y. 112; *Penrhyn Slate Co.* v. *Granville, etc., Co.*, 181 N. Y. 80; *Waddle* v. *Cabana*, 220 N. Y. 18.) No question of fact is involved in this case. (*Hirsch* v. *Jones*, 191 N. Y. 195; *Ga Nun* v. *Palmer*, 216 N. Y. 603.) The steps to be taken by the insured to restore his policy in case of lapse were definitely fixed by contract. Defendant was entitled to assume that the insured would perform his contract in its entirety, and no intent to waive can be implied from defendant's act of receiving and collecting the check in the absence

14

of notice that it was tendered in full satisfaction and that the insured did not intend to perform the balance of his contract. (*Barbour* v. *Eq. L. Assur. Society*, 174 App. Div. 759; 225 N. Y. 675; *Ronald* v. *Mutual Reserve Fund Life Assn.*, 132 N. Y. 378; *Teeter* v. *United Life Ins. Assn.*, 159 N. Y. 411; *Mutual Reserve Fund Life Assn.* v. *Tuchfeld*, 159 Fed. Rep. 833.)

*Milford D. Whedon* for respondent. The reversal by the Appellate Division being on the law and facts the Court of Appeals has no jurisdiction to review. (*Matter of Thorn*, 162 N. Y. 238; *Matter of Totten*, 179 N. Y. 115; *Bini* v. *Smith*, 161 N. Y. 122; *Ga Nun* v. *Palmer*, 216 N. Y. 211; *Wright* v. *Smith*, 209 N. Y. 250; *Waddle* v. *Cabana*, 220 N. Y. 18; *Livingston* v. *City of Albany*, 161 N. Y. 602; *Hirsch* v. *Jones*, 191 N. Y. 195.) Inasmuch as the policy does not stipulate for a forfeiture upon non-payment of the premium and the defendant did not declare the policy forfeited or lapsed, the policy was in force when the payment of ninety-nine dollars and ninety-two cents was made. (Richards on Ins. [3d ed.] 496; *M. L. Ins. Co.* v. *Allen*, 212 Ill. 134; *Stewart* v. *U. M. L. Ins. Co.*, 155 N. Y. 257.) Even in the case of a breach by the insured of a condition of a policy of insurance which expressly provides that it shall be void for such breach, the insurer, if it elect to insist upon the forfeiture, must assert its election within a reasonable time after acquiring knowledge of the breach. (*Kiernan* v. *Dutchess Co. Mut. Ins. Co.*, 150 N. Y. 190.) Assuming that defendant had a right to claim a forfeiture of the policy, it waived that right. (*G. M. L. Ins. Co.* v. *Wolff*, 95 U. S. 326; *White* v. *McPeck*, 185 Mass. 451; *James* v. *Mut. R. F. L. Assn.*, 148 Mo. 1; *Tripp* v. *V. L. Ins. Co.*, 55 Vt. 100; *Ryer* v. *Prudential Ins. Co.*, 85 App. Div. 7.)

CRANE, J. This action was brought on a policy of insurance for three thousand dollars on the life of Joseph

E. Gould in the name of his wife as beneficiary. The policy was dated back to March 23d, 1914, in order that the insurance might be granted as of the age of thirty-two. Among the terms and conditions in the policy are found the following:

" This insurance is granted in consideration of the payment in advance of One hundred and twenty-two and 67/100 dollars and the payment annually thereafter of a like sum upon each twenty-third day of March, until twenty full years' premiums shall have been paid, or until the prior death of the insured.

" Grace. A grace of thirty-one days, subject to an interest charge at the rate of 5% per annum, will be granted for the payment of every premium after the first, during which period the insurance hereunder shall continue in force. *  *  *

" Except as herein expressly provided, the payment of any premium or installment thereof shall not maintain this policy in force beyond the date when the succeeding premium or installment thereof becomes payable.

" Reinstatement. If this policy shall lapse in consequence of the nonpayment of any premium when due, it may be reinstated at any time upon the production of evidence of insurability satisfactory to the society, and the payment of all overdue premiums, with interest at 5% per annum, and upon the payment, or reinstatement of any indebtedness to the society, secured by this policy, with interest."

The first premium amounting to $122.67 was paid. The second premium became due March 23, 1915, but was not paid at that time. On February 13th, 1915, the regular form of notice, required by section 92 of the Insurance Law (Cons. Laws, ch. 28), was duly mailed to the insured. Section 92 requires that this notice shall state that unless such premium, interest, installment or portion thereof then due shall be paid by or before the day it falls due, the policy and all payments thereon

will become forfeited and void, except as to the right to the surrender value or paid-up policy as in the law provided. The notice sent the insured contained this statement: "That unless the premium was paid the policy would become forfeited and void."

This second premium, becoming due as above stated on March 23, 1915, had thirty-one days of grace, but before its expiration and on April 22d, 1915, the insured applied for and obtained a written extension of sixty days of time for the payment. Like extensions were given until the final day of payment was fixed as July 23, 1915. This final extension was by written agreement which provided " after such extended date, all rights under the policy shall be the same as if this agreement and deposit had not been made." The time for payment of this premium was not further extended beyond July 23d, 1915. Prior to that date the defendant had sent another notice to the insured stating that the last day of payment for the premium on his policy was July 23d, 1915, and asking his prompt attention to the matter. On this notice was printed the words, " Please return with remittance." On March 29th, 1916 — eight months after the last notice — the insured returned the notice with this written on the back: " Please return the receipt to Joseph E. Gould, Granville, N. Y. P. O. Box 782, and oblige Joseph E. Gould." Inclosed was a check of $99.92, the amount of the premium less the sums paid for the extensions above mentioned.

Immediately upon the receipt of this remittance the Equitable Life Assurance Society wrote Gould at the address mentioned the following letter:

" Mr. Jos. E. GOULD,
          " Box 782,
                    " Granville, N. Y.:

" DEAR SIR.— We are in receipt of your remittance for $99.92 for premium which was due in March, 1915, on policy #1892687. Before the Society will consider

the restoration of this policy, they will require a certificate of continued good health on the accompanying form. Dr. Willis A. Tenney of Granville, our examiner, will be very glad to fill this in for you and we will appreciate it if you will get in touch with him at your earliest convenience. " Yours very truly,

" J. W. CLARK, JR.,

" *Agency Cashier.*"

On May 1, 1916, not having heard from the insured, the defendant again wrote the following letter:

" Mr. Jos. E. GOULD,

" Box 782,

" Granville, N. Y.:

" DEAR SIR.— We wrote you under date of March 29th acknowledging receipt of your remittance of $99.92 on account of premium of policy #1892687. In that letter we advised that the Society would require a certificate of continued good health before considering the restoration.

" This certificate has not yet reached us and we will appreciate it if you will get in touch with Dr. Tenney, our examiner at Granville, at your earliest opportunity.

" Yours very truly,

" J. W. CLARK, JR.,

" *Agency Cashier.*"

To these communications Gould paid no attention and no certificate of good health was furnished. Shortly thereafter, and on May 27, 1916, he died at Saranac Lake, N. Y., of acute miliary tuberculosis.

On this statement of facts the action brought upon the policy by the beneficiary, the widow of Joseph E. Gould, was dismissed. The Appellate Division have reversed and granted a new trial, both upon the law and the facts, disapproving the fifth, eleventh and twelfth findings of fact as made by the trial judge.

The fifth finding of fact was to the effect that no second premium was paid to the defendant; the eleventh finding was that no extension of payment had been made beyond July 23, 1915, and the twelfth finding was to the effect that the defendant was unwilling to accept the money paid March 29, 1916, by Gould and informed him that it would not consider the policy restored until he had furnished a good health certificate.

There is no question of fact so far as we can see raised by the evidence. All the matters are conceded and rest in correspondence. A question of fact is not necessarily raised by the statement that the Appellate Division reverses upon the facts. (*Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166.) If there be no conflict in the evidence or in the inferences to be drawn therefrom, a question of law is presented for this court to pass upon.

What is the undisputed evidence in this case? The policy provided a premium of $122.67, the second payment of which was due March 23, 1915. It also specifically provided that the payment of a full premium should not maintain the policy beyond the next pay day. The notice sent in compliance with the Insurance Law informed the insured that the policy would become void unless the premium was paid when due. The limited extension agreements distinctly stated that all rights under the policy, after the extended date, should be the same as if the agreements had not been made. The notice sent by the insurance company prior to the last extension date notified the insured that July 23, 1915, was the last day for the payment of the premium on his policy.

It must be conceded that after this date the policy had lapsed and under its terms and according to the notices sent had become void. The premium had not been paid upon the last day it was due and there had been no further extensions beyond July 23, 1915. For a period of eight months Joseph E. Gould, the insured,

in no way communicated with the company. He had been notified that unless he paid the premium, his policy would lapse and a specified date upon which it would lapse and become void by non-payment of premium was called to his attention.    In March, 1916, he sent $99.92, the amount of the premium less the sums paid for extensions, with a request that the company send back a receipt.    It must be conceded that this did not in and of itself restore the lapsed policy.    The agreement for reinstatement, as quoted above, was to the effect that in case of lapse in consequence of non-payment of premium when due, the policy might be reinstated upon production of evidence of insurability satisfactory to the society and the payment of the overdue premium.    Two things were required, or to be exact, could be insisted upon by the company before restoring the policy.    One was the production of a health certificate and the other the payment of the premium.    Gould complied with one of these requisites by paying the premium whereupon the company notified him that before the policy would be restored it would insist upon the other requirement — the health certificate.    It notified him to get the health certificate promptly and sent him a second notice a month later to the same effect.    He never complied with this second requisite.

It is said that the company waived this provision by keeping the $99.92.    This was the most natural thing to do and not in any way inconsistent with its demand for the health certificate.    As stated the policy would be restored upon the health certificate and the payment of the premium.    The premium was paid and it was quite natural to suppose that upon being notified the insured would immediately send back the health certificate.    The keeping of the money was in anticipation of its receipt.    It could hardly be expected that the insurance company would send back the check and ask the insured to return it together with his health certificate.

It would be more reasonable in the ordinary course of business to suppose that the company would keep the check and await the coming of the health certificate. We find nothing in the action of the defendant to constitute waiver or from which any inference of waiver can be drawn. The $99.92 was held for the insured.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND, McLAUGH-LIN and ANDREWS, JJ., concur.

Judgment reversed, etc.