### 11754

### DWYER v. METROPOLITAN LIFE INS. CO.

(129 S. E., 84)

1. INSURANCE—POLICY AUTOMATICALLY BECAME PAID-UP POLICY FOR REDUCED AMOUNT, ON INSURED'S FAILURE WITHIN CERTAIN TIME AFTER LAPSE TO SURRENDER POLICY FOR CASH VALUE OR TERM INSURANCE.—Where policy entitled insured, on lapse of policy, to option of cash surrender value, or paid-up insurance for reduced amount, or term insurance for full amount, and provided that on insured's failure to surrender policy for cash surrender value, or term insurance, within three months after lapse, policy should be continued for reduced amount of paid-up insurance, the policy, on insured's failure to surrender policy for such purpose within such time, automatically became a paid-up policy for reduced amount, and insurer, in such case, was not required to keep insurance in force for full amount for such time as cash value would carry it.

2. INSURANCE—MATTER OF FORFEITURE MUST BE PLEADED.—In action on policy, any matter of forfeiture relied on by insurer must be pleaded.

3. INSURANCE—DEFENSE THAT POLICY HAD AUTOMATICALLY BECOME ONE FOR REDUCED AMOUNT HELD SUFFICIENTLY PLEADED.—In action on life policy, defense that policy had lapsed and had automatically become policy for reduced amount of paid-up insurance, on insured's failure to surrender policy for cash surrender value, or term insurance for full amount, within time after lapse, as required by policy, was available to insurer, under plea that conditions of policy as to payment of premiums had not been complied with.

4. APPEAL AND ERROR—REFUSAL TO DIRECT VERDICT FOR CERTAIN AMOUNT NOT REVIEWED IN ABSENCE OF SUFFICIENT RECORD.—Refusal to direct verdict for plaintiff for certain amount will not be considered in absence of record disclosing motion therefor, and evidence as to amount to which plaintiff is entitled is matter of law.

Before FEATHERSTONE, J., Sumter, April, 1924. Reversed.

Action by Elizabeth Dwyer against Metropolitan Life Insurance Co. Judgment for plaintiff and defendant appeals.

*Messrs. Elliott & McLain,* for appellant, cite: *Payment of cash surrender value without knowledge or consent of beneficiary could not effect her rights under policy:* 77 S. C., 299; 114 S. C., 202. *Cash surrender value at lapse should have been applied to purchase of paid up insurance:* 136 N. E., 193; 126 Atl. Rep., 553; 87 S. E., 1055.

*Mr. Raymon Schwartz,* for respondent, cites: *Rights of beneficiary:* 77 S. C., 299; 30 S. C., 31; 32 C. J., 1257; 25 Cyc., 791-792; Civ. Code, 1922, Sec. 4099. *Noncompliance with terms of policy is an affirmative defense:* 100 S. C., 162; 43 S. C., 48; 28 S. C., 431; 97 S. C., 164; 67 S. C., 399; 60 S. C., 477. *Where accrued dividends are sufficient to pay premium for the shortest period allowed under the policy they should be so applied:* 102 S. C., 478; 90 S. C., 1. *Forfeiture of insurance not looked on with favor by the Court:* 102 S. C., 115; 231 S. W., 655; 222 S. W., 12; 188 S. W., 829.

April 28, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendant issued a life insurance policy for $2,000 to one Lincoln Dwyer, payable to his wife, the plaintiff, as beneficiary. In an action by the beneficiary the Circuit Court directed a verdict for the plaintiff in the full amount of the policy, and from judgment thereon the defendant appeals.

The plaintiff alleged, in substance, that the policy had been issued, and that the insured died on April 14, 1922, "while the policy was in force." The defendant alleged, in substance, that "when the fourth annual premium fell due on December 3, 1921, the insured failed to pay the premium * * * and failed likewise to pay said premium within the grace period of 31 days, and that, in accordance with its terms, the policy was canceled and became null and void; that thereafter the insured surrendered the policy and applied for and received the cash surrender value provided for in said policy, which, after payment of the policy loan, amounted to $34.54, and that nothing was due on said policy."

The appellant concedes that the insured died on April 14, 1922, and that its defense based upon the alleged surrender and cancellation of the policy was not established as against the beneficiary; but contends that there was evidence establishing, or tending to establish, the failure to pay the fourth annual premium when due, and that, under the express terms of the policy applicable to that contingency, the plaintiff was not entitled to recover the full amount of the policy. The terms of the policy invoked are as follows:

"Options on Surrender or Lapse.—Upon failure to pay any premium or any part thereof when due, this policy, except as otherwise provided herein, shall immediately lapse, if, however, the lapse occur after three full years' premiums shall have been paid the owner hereof, provided there be no indebtedness hereon, shall, upon written request with the company at its home office, together with the presentation of this policy for legal surrender or for indorse-

ment within three months from the due date of the premium in default, be entitled to one of the following options: First. A cash surrender value. * * * Second. To have the insurance continued for a reduced amount of nonparticipating paid-up insurance. * * * Third. To have the insurance continued for its original amount as term insurance in whole number of months from due date of premium in default. * * * If the owner shall not, within three months from due date of premium in default, surrender this policy to the company at its home office for a cash surrender value or for indorsement for paid-up insurance or term insurance as provided in the above options, the policy shall be continued for a reduced amount of paid-up insurance as provided in the second option. * * * Any indebtedness to the company under this policy will be deducted from the cash value; and such indebtedness will also reduce the amount of paid-up insurance or the amount continued as term insurance in such proportion as the indebtedness bears to the cash value at due date of premium in default."

The evidence unquestionably tended to establish that there had been a failure to pay the premium due December 3, 1921; that the cash surrender value of the policy at the time of such failure, after deducting a loan of $66 outstanding against the policy, was $34.54; and that there had been no exercise, or attempt to exercise, the option on lapse by the "owner" of the policy "within three months from the due date of premium in default."

In that state of the evidential facts, if, under the pleadings, the defendant was entitled to invoke and apply the express provision of the policy that "the policy shall be continued for a reduced amount of paid-up insurance as provided in the second option," there can be no doubt that the direction of a verdict for the full amount of the policy was erroneous. The terms of the policy are clear. Upon default in the payment of the fourth premium

and failure of the owner within three months from the due date of the premium in default to exercise the option given, the policy automatically became a paid-up policy for such reduced amount of insurance as the owner of the policy was entitled to under the second option. See *Tyson v. Equitable Life Assurance Society, etc.,* 144 Ga., 729; 87 S. E., 1055. *Landis v. Metropolitan Life, etc.,* 104 Ohio, 589; 136 N. E., 193; 26 A. L. R., 98. *Kimball v. New York Life Ins. Co.,* 98 Vt., 192; 126 A., 553. What such reduced amount of insurance was the record does not conclusively establish.

But plaintiff contends that the defendant, having 2, 3 failed to plead that there had been a noncompliance by the policy owner with the terms of the policy in the matter of exercising the option, was not entitled in this action to the benefit of that position. The contention cannot be sustained. The defendant pleaded the nonpayment of the premium, and adduced evidence tending to establish that defense. While it is well settled in this State that, in an action upon an insurance policy, any "matter of forfeiture relied on" by the insurer must be pleaded (*Copeland v. Insurance Co.,* 43 S. C., 26; 20 S. E., 754. *Pickett v. Fidelity Co.,* 60 S. C., 477; 38 S. E., 160, 629), when the defendant here set up the defense that there had been noncompliance with the conditions of the policy as to payment of premiums, it sufficiently pleaded "the matter of forfeiture relied on." The plaintiff in this case rested her case upon defendant's admissions in its answer that the policy had been issued and that the insured had died, etc. The defendant adduced evidence to establish, *inter alia,* that the stipulated premium had not been paid when due. Suppose neither party had introduced other evidence; would the plaintiff have been entitled to the direction of a verdict? Clearly not, for the reason that there was evidence tending to establish a breach of the conditions of the contract by the insured. If the effect of the insured's breach of the contract

was not to work a complete forfeiture of the policy, then it was incumbent upon the plaintiff—rather than upon the defendant—to invoke any terms of the contract which preserved and safeguarded her rights. The mere admission of the defendant that the policy at the time of the alleged breach of conditions as to payment of premiums had a cash surrender value of $34.54 did not, as a matter of law, apart from the terms of the contract, require that the insurer should keep the insurance in force for the full amount of the policy for such time as the cash value would carry it. *Terry v. Insurance Co.*, 90 S. C., 1; 72 S. E., 498. The provisions of the contract as to the option granted the policy owner in the event of the nonpayment of a premium, after payment of three full years' premiums, worked no forfeiture of the policy owner's rights, but merely defined and safeguarded them. If the insured in the case at bar had lived beyond the time the cash value would have carried the policy for the full amount, and suit had been brought by the beneficiary to recover the reduced amount of insurance provided by the second option, obviously the defendant could not have escaped liability upon the ground that it had applied the cash in hand to keeping the policy in force for the full amount for a period which expired before the insured's death. Since the failure of the policy owner to exercise the option worked no forfeiture of the owner's rights but merely fixed and defined them, the rule requiring the insurance company to plead breach of conditions working forfeiture is inapplicable.

Under the foregoing views, the appellant's first exception charging error in the direction of a verdict for the plaintiff for the full amount of the policy must be sustained.

The second exception, assigning error in the refusal of the trial Judge, on defendant's motion, to direct a verdict for the plaintiff for the sum of $88 is overruled, for the reasons that the record neither discloses that any such motion was definitely made, nor that under the

evidence adduced the amount designated was the amount the plaintiff was actually entitled to recover as a matter of law.

Reversed.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.