## 11905

### DWYER v. METROPOLITAN LIFE INS. CO.

#### (133 S. E., 547)

1. Appeal and Error—Holding, on Prior Appeal, That Insurer Could Not Escape Liability on Particular Ground, Held Law of Case on Subsequent Appeal.—Holding, on prior appeal, that insurer could not escape liability on ground that it had applied cash surrender value of lapsed policy after deducting debt due it to keeping it in force for full amount for a period which expired before insured's death, *held* law of case on subsequent appeal.

2. Insurance—Beneficiary of Lapsed Policy Held Not Entitled to Recover Full Amount of Policy on Theory That Cash Surrender Value Without Deductions Should Have Been Applied to Keeping Policy in Force.—In action on policy, which had lapsed before insured's death, plaintiff *held* not entitled to recover full amount of policy on theory that insurer wrongfully deducted a debt due from insured from cash surrender value before figuring amount of extended insurance, and that without such deduction cash surrender value was sufficient to have carried policy for full amount beyond death of insured.

Before Townsend, J., Sumter, October, 1925.    Affirmed.

Action by Elizabeth Dwyer against Metropolitan Life Insurance Co. From an order refusing to allow an amendment to the complaint the plaintiff appeals.

*Messrs. Raymon Schwartz* and *H. D. Moise,* for appellant, cite: *Right of Circuit Judge to amend after appeal:* 81 S. C., 574. *What amendments allowable:* 82 S. C., 3; 91 S.

C., 51; 117 S. E., 809; 83 S. C., 495; 27 S. C., 94; 74 S. C., 244; 81 S. C., 579; 92 S. C., 300; 79 S. E., 638.

*Messrs. Elliott & McLain,* for respondent, cite: *Change of cause of action not permitted:* Code Civ. Pro., 1922, Sec. 436.

January 28, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The appeal is from an order of Judge Townsend refusing a motion by the plaintiff to amend her complaint. This is the second appeal in the case. See 132 S. C., 10; 129 S. E., 84. In that appeal the judgment upon a directed verdict in favor of the plaintiff was reversed. The plaintiff thereafter moved for an amendment of her complaint by setting up a second cause of action which will be more fully explained later. The motion was refused, and hence this appeal.

The facts of the controversy appear to be as follows: On December 3, 1918, Lincoln Dwyer, husband of the plaintiff, applied for and obtained a policy of life insurance with the defendant company for $2,000, payable at his death to his wife, Elizabeth, the plaintiff. He paid the first premium at the time of the issuance of the policy; he also paid the premium which became due on December 3, 1919. When the third premium fell due, on December 3, 1920, he was unable to make the payment, and negotiated a loan of $66 with the company with which to make it. When the fourth premium fell due, on December 3, 1921, he failed to make any arrangement to meet it.

It is alleged by the defendant that at some time between December 3, 1921, and April 14, 1922 (the date of the death of Lincoln Dwyer), "the insured surrendered the policy and applied for and received the cash surrender value provided for in said policy, which, after payment of the policy loan, amounted to $34.54."

It does not appear that this defense received any attention upon the former appeal. Possibly upon ground that the

right of the insured to a paid-up policy, inuring to the benefit of the beneficiary, could not have been affected by that agreement.

It was held that—

"The evidence unquestionably tended to establish * * * that there had been no exercise or attempt to exercise the option on lapse by the 'owner' of the policy within three months from the due date of premium in default."

And that—

"Upon default in the payment of the fourth premium and failure of the owner within three months from the due date of the premium in default to exercise the option given, the policy automatically became a paid-up policy for such reduced amount of insurance as the owner of the policy was entitled to under the second option."

The Court further held:

"If the insured in the case at bar had lived beyond the time the cash value would have carried the policy for the full amount, and suit had been brought by the beneficiary to recover the reduced amount of insurance provided by the second option, obviously the defendant could not have escaped liability upon the ground that it had applied the cash in hand to keeping the policy in force for the full amount for a period which expired before the insured's death."

The several options, with conditions attached, are set forth in the former opinion. Reference is made to them at this point for a clear apprehenson of what follows.

Whether intenionally or not, and whether correctly or not, the effect of his holding is to eliminate the defence of the company that, after the expiration of the period for the exercise of the options provided, the insured had accepted $34.54 in full settlement of the cash surrender value of the policy and had surrendered it for cancellation; and to confine the defendant to its rights and subject it to the obligations under the second option, which were to the insured a reduced amount of nonparticipating

paid-up insurance. It means that, after the time for the exercise of the options had expired, the second option automatically went into effect, and the insured and the company had no right by agreement to change that situation. Whether the beneficiary had such rights in the lapsed policy as to demand this construction is not now open to question; it has become the law of the case.

The plaintiff, by the proposed amendment, takes the position that the company wrongfully and fraudulently deducted the amount of the loan which had been made to the insured from the cash surrender value of the policy; that otherwise the cash surrender value would' have been sufficient to carry the policy, for the full amount, beyond the death of the insured; and that for that reason the policy was in force at the time of his death.

A complete answer to this contention is that there is no provision in the policy which gives the insured the right to apply the cash surrender value of the policy to extended insurance for the full amount of the policy, in the event of a lapse of the policy. Assuming, therefore, that the cash surrender value at the time of the lapse was $66, plus $34.54, $100.54, there appears no basis for the plaintiff's contention that this should have been applied to extended insurance, carrying the policy beyond the death of the insured.

Besides, as we have seen, the former opinion of this Court has confined the company to its rights and obligations under the second option. It is liable to the beneficiary only for a reduced amount of nonparticipating paid-up insurance; and, as a corollary, the beneficiary is only entitled to that.

In estimating the amount of reduced "nonparticipating paid-up insurance" to which the insured was entitled under the second option, the policy provides that any indebtedness to the company existing at the date of the lapse shall "reduce the amount of paid-up insurance * * * in such porportion as the indebtedness bears to the cash value at due date of premium in default."

Let x equal cash value.

    y equal indebtedness.

    a equal paid-up insurance as per schedule in policy.

    b equal paid-up insurance to be issued.

The proportion will be:

$$x : y :: a : b.$$

The record does not show either the cash surrender value, or the paid-up insurance as per schedule in the policy, and hence it is impossible to express the above proportion in figures.

Upon the trial the .burden will be upon the defendant to show that the amount of paid-up insurance provided for in the policy has been so reduced by valid indebtedness of the insured.

The judgment of this Court is that the order appealed from be affirmed.

MESSRS. JUSTICES WATTS and MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.