12180

DWYER v. METROPOLITAN LIFE INSURANCE CO.

(137 S. E., 347)

1. Appeal and Error—Direction Prescribing Manner of Computing Paid-up Insurance Held Not Res Judicata on Subsequent Appeal.—Supreme Court's direction on former appeal of method of computing paid-up insurance *held* not *res judicata* on subsequent appeal, not having been directly involved on prior appeal.

2. Insurance—Amount of Paid-up Insurance Held to Bear Same Ratio to Normal Paid-up Insurance as Actual Surrender Value (After Deducting Insured's Debt) Bore to Normal Cash Surrender Value.—Where policy provided that amount of any indebtedness due insurer should be deducted from cash value of policy in determining amount of automatic paid-up insurance after lapse of policy without surrender for cash or term insurance, *held*, amount of paid-up insurance was in proportion to the normal paid-up insurance as the actual cash surrender value (after deduction of debt due insured) was to the normal cash surrender value.

Before Rice, J., Sumter, November, 1926.   Judgment modified.

Action by Elizabeth Dwyer against the Metropolitan Life Insurance Company.   Judgment for plaintiff, and defendant appeals.   Modified.

*Messrs. Elliott & McLain,* for appellants, cite: *Amount due plaintiff not a question raised by appeal:* 15 C. J., 344.

*Messrs. Raymon Schwartz and H. D. Moise,* for respondent, cite: *Mixed questions of law and fact stand on same footing as pure questions of fact, not subject to review:* 4 C. J., 648.   *When claim of excessive verdict may be reviewed:* 117 S. E., 732; 31 S. C., 405; 65 S. C., 356; 71 S. C., 95; 74 S. C., 306; 78 S. C,. 552; 92 S. C., 151; 124 S. C., 458; 3 C. J., 963, Sec. 850.

March 18, 1927. ·

The opinion of the Court was delivered by Mr. Justice Cothran.

The nature of this action and the applicable principles of law are fully stated in the appeals heretofore considered in

the reports found in 132 S. C., 10; 129 S. E., 84 ,and 135 S. C., 303; 133 S. E., 547, and need not be here repeated.

In the second appeal the sole question for determination was the propriety of the proposed amendment submitted by the plaintiff. The appeal was decided against such amendment, and the case was remanded. In the opinion of the Court then rendered the following statements occurred:

"In estimating the amount of reduced 'nonparticipating paid-up insurance' to which the insured was entitled under the second option, the policy provides that any indebtedness to the company existing at the date of the lapse shall 'reduce the amount of paid-up insurance * * * in such proportion as the indebtedness bears to the cash value at due date of premium in default.'

"Let x equal cash value. .
            y equal indebtedness.
            a equal paid-up insurance as per schedule in policy.
            b equal paid-up insurance to be issued.

"The proposition will be:

            $x : y :: a : b$

"The record does not show either the cash surrender value, or the paid-up insurance as per schedule in the policy, and hence it is impossible to express the above proportion in figures.

"Upon the trial the burden will be upon the defendant to show that the amount of paid-up insurance provided for in the policy has been so reduced by valid indebtedness of the insured."

After the decision of the Court upon the second appeal the case was tried at the November term of the Court of Common Pleas for Sumter County before Hon. H. F. Rice, Presiding Judge. By agreement of counsel a jury was waived, and the sole issue was presented to the Court as to whether or not a policy loan amounting to $69.46 was properly chargeable against the plaintiff beneficiary in determining the reduced amount of

nonparticipating paid-up insurance under the second option of
the policy.

· In rendering his decree or order for judgment in the case
his Honor, Judge Rice, adopted the formula above set forth
as it appeared in the opinion of the Court written by the
writer of this opinion, and from it calculated that the plain-
tiff was entitled to $187.82 with interest from April 14,
1922, at 7 per cent., $58.69, making a total amount due under
the policy to the date of his decree, November 16, 1926, of
$246.51, for which amount he ordered judgment with costs
and disbursements.

Thereafter on November 23, 1926, a motion was made by the
defendant before his Honor, Judge Rice, to modify and cor-.
rect the aforesaid order on the ground that there was a cleri-
cal error in calculating the amount due the plaintiff under the
second option of the policy provisions, and that the formula
set forth in the opinion of the Court did not correctly state
the mathematical equation provided for under the second
option of the policy which the Supreme Court had decided
that the plaintiff was entitled to recover.   On November 24,
1926, his Honor, Judge Rice, filed an order holding that he
had correctly figured the amount due under the policy in
accordance with the decision of the Supreme Court and the
formula set out by the Court by which the same should
be calculated.   He therefore refused defendant's motion, and
from that order the defendant has appealed to this Court.

The respondent takes the position that the conclusions
of the Court in reference to the formula adopted
is *res judicata,* and cannot now be inquired into.   As
to this position the Court is of opinion that the statement
in the former opinion setting forth the formula above re-
ferred to was not involved in the case, and must therefore
be considered *obiter dictum.*   The question then recurs upon
the correctness of such formula.

After careful consideration the Court is of opinion that the formula stated in the opinion reported in 135 S. C., 303; 133 S. E., 547, was incorrectly stated.

The applicable clause in the policy thus provides:

"Any indebtedness to the company under this policy will be deducted from the cash value; and such indebtedness will also reduce the amount of paid-up insurance or the amount continued as term insurance in such proportion as the indebtedness bears to the cash value at due date of premium in default."

We think upon consideration that the proper method of ascertaining the amount for which paid-up insurance should be issued under this provision in the policy is to ascertain first the ratio between the amount of the indebtedness of the insured, $69.46, and the amount of the cash surrender value of the policy, $107, which is 64.915 per cent; deducting this percentage from 100 per cent. leaves 35.085 per cent., which percentage of the paid-up insurance as per schedule in the policy, $289.33, is $101.50, for which amount the plaintiff is entitled to judgment, with interest from April 14, 1922, at 7 per cent, and costs and disbursements.

To adopt the formula suggested in the former opinion would result in the anomaly that the greater the amount of the indebtedness of the insured the more paid-up insurance he would be entitled to. In the form of a proportion the formula would be: The cash surrender value is to the cash surrender value less the indebtedness of the insured as the amount of paid-up insurance according to the schedule in the policy is to the amount of paid-up insurance to be ascertained; or using the figures in the present case:

$$\$107.00 : \$107.00 \text{ less } \$69.46 : : \$289.33 : X$$

$$X = \$101.51.$$

It is due to the Circuit Judge to say that the error created was that of the writer, and not of himself.

It is the judgment of this Court that the judgment of the Circuit Court be modified accordingly.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER and ACTING ASSOCIATE JUSTICE WHITING concur.