T. P. Rogers, Appellant, v. Columbian National Life Insurance Company, Appellee.

**INSURANCE:** Life Insurance—Premiums—Belated Receipt of Check—
1 **Effect.** Under a policy providing that the nonpayment of a premium shall forfeit the policy, but that the insured may be reinstated, the receipt by the insurer through the mail, long after the maturity of a premium, of insured's check for the premium, does not constitute *payment,* when the insurer promptly replied by mail that the insured must first be reinstated, and when, without effort to collect the check, the insurer made proper tender thereof; and it matters not that the insured died before the insurer's letter reached him.

CONTRACTS: Proposal and Acceptance—Use of Mails—Effect. An offer by mail invites a reply by mail.

INSURANCE: Life Insurance—Premiums—Default—No Duty to Apply Surrender Value. Under a policy which provides that default in the payment of a premium shall forfeit the policy, the insurer is under no obligation, upon the happening of such default, to apply the cash surrender value to the payment of such premium, when, under the policy and governing statutes, the insured controlled the disposition of such surrender value, and had never exercised any option with reference thereto.

INSURANCE: Life Insurance—Ipso Facto Lapse of Policy—Formal Forfeiture Unnecessary. Under an ordinary life insurance policy, a provision that default in payment of a premium shall forfeit the policy requires no formal notice of forfeiture in case of such default.

INSURANCE: Life Insurance—Premiums—Default—"Paid-up" Insurance as Automatic Result. A policy of insurance may not be deemed a policy for *extended* insurance upon the happening of a default in the payment of a premium, (1) when, under the terms of the policy and governing statutes, such default automatically rendered the policy a policy for *paid-up* insurance, unless the insured elected to take extended insurance, and (2) when the insured had never exercised any such election, and moreover had, long after the default, ineffectually attempted to pay the premium.

Headnote 1: 32 C. J. p. 1311; 33 C. J. p. 126; 37 C. J. p. 537. Headnote 2: 13 C. J. p. 301; 32 C. J. p. 1310 (Anno.) Headnote 3: 37 C. J. p. 522. Headnote 4: 32 C. J. pp. 1301, 1313. Headnote 5: 37 C. J. p. 509.

Headnote 2: 6 R. C. L. 611 *et seq.* Headnote 4: 14 R. C. L. 976. Headnote 5: 14 R. C. L. 990.

*Appeal from Linn District Court.*—F. O. Ellison, Judge.

May 10, 1927.

Rehearing Denied November 15, 1927.

The plaintiff appeals from a judgment denying a recovery upon a life insurance policy for more than the amount of its paid-up value.—*Affirmed.*

*Raymond N. Klass* and *George C. Gorman*, for appellant.

*Deacon, Sargent & Spangler,* for appellee.

Morling, J.—I.   The quarterly premium due July 24, 1922, was not paid at maturity, or within the 31 days' grace allowed therefor, unless the retention by the defendant of a check there-

1. Insurance: life insurance: premiums: belated receipt of check: effect.

for, sent to it September 16, 1922, amounted, as plaintiff claims it did, to payment.   On September 16, 1922, the insured mailed, at Tulsa, Oklahoma, a letter addressed to the defendant at Boston, Massachusetts, stating:   "Herewith check $22.68 quarterly premium policy Number 59914."   The check was drawn upon a bank at Tulsa, Oklahoma, in which the insured had sufficient funds for its payment until after his death and the appointment of administrator.   The defendant received the letter and check at Boston, September 19, 1922.   On September 21, 1922, the defendant, at Boston, Massachusetts, wrote a letter and mailed it, addressed to the insured at Tulsa, Oklahoma, stating:

"We are in receipt of your remittance intended to pay premium due July 24th, but as same was not forwarded until September 21st, it will be necessary for you to sign the enclosed application for reinstatement.   If reinstatement is approved, your payment will be accepted."

The insured died at Tulsa, September 24th.   Defendant's letter had not come to his knowledge.   On October 2, 1922, defendant received a letter from a business associate of the insured's, informing defendant of the death of the insured, and on October 27, 1924, received proofs of death.   It is not claimed that the company demanded payment of the check, or treated it as the liability of the insured or of his estate, or that the defendant made any effort to collect it, or did anything evidencing any purpose to accept it in payment of the premium, except (as indicated in the letter of September 21, 1922) if application for reinstatement were made and approved.   After the appointment of administrator, defendant offered the check to him, and later offered it to plaintiff.   Plaintiff argues that the check was unconditionally tendered; that defendant had no authority to accept it conditionally, or to communicate conditional acceptance by mail; and that the condition expressed in defendant's letter of September 21, 1922, not having come to

the knowledge of the insured, cannot operate to impair the retention as an absolute acceptance.

The policy provided that, upon default in payment of premium, the policy should lapse, but might be reinstated on satisfactory evidence of insurability. The insured had, on three previous occasions, defaulted in payment of premiums, and made application for reinstatement, with health certificates, upon which defendant had accepted payment of delinquent premiums and reinstated the policy. Insured could make only tender of the check. He could not require the company to accept it. He knew that the company had not been in the habit of accepting delinquent premiums without satisfactory evidence of insurability. The burden of the argument, on this record, is on the plaintiff, to show not merely a tender of the check, but accept-

2. CONTRACTS: proposal and acceptance: use of mails: effect.

ance. The evidence does not show acceptance, but proves non-acceptance. *Rice v. Grand Lodge, A. O. U. W.,* 103 Iowa 643, 647. The parties resided in distant cities. The insured communicated his tender by mail, thereby inviting and authorizing a response by mail. *Lucas v. Western Union Tel. Co.,* 131 Iowa 669. There is no merit in the claim that the check was accepted, and paid the delinquent premium. *Gould v. Equitable Life Assur. Soc.,* 231 N. Y. 208 (131 N. E. 892) ; *Nelson v. Mutual Life Ins. Co.,* 58 Mont. 153 (190 Pac. 927) ; 37 Corpus Juris 537. See, also, *Continental Ins. Co. v. Peden,* 145 Ky. 775 (141 S. W. 43) ; *Bank of Commerce v. New York Life Ins. Co.,* 125 Ga. 552 (54 S. E. 643).

II. On his foregoing contention, the plaintiff had no ground for his objection to evidence of the fact of prior defaults and reinstatements, the receipt of which evidence was without prejudice.

III. Plaintiff urges that defendant was bound to apply the cash value of the policy to the payment of the premium. He bases this contention upon the provision of the policy that "any

3. INSURANCE: life insurance: premiums: default: no duty to apply surrender value.

indebtedness to the company on this policy, including any unpaid premium or portion thereof for the then current policy year, shall be deducted upon settlement of any claim hereunder. If there be any such indebtedness, the cash and loan values will be diminished thereby, and the paid-up or extended

insurance will be such as may be purchased by the cash value so diminished, such extended insurance to be for an amount equal to the face of the policy less such indebtedness." The policy also provides that the premiums are payable in advance; that 31 days' grace is allowed; that, "upon default in payment of any premium,* * * this policy shall lapse, and the company's only liability shall be such, if any, as is hereinafter provided."

The policy also provided that, in the event of lapse after payment of three full premiums:

"The policy shall become effective automatically for paid-up insurance, payable as provided on page one hereof * * * In lieu of said paid-up insurance, the insured, on satisfactory release and surrender of this policy within the days of grace, may procure either the cash value or extended term insurance as similarly stated in the table endorsed hereon."

The policy provided for loan values, also for deferring payment of cash or loan values for 30 days; that, if the insured should die within the month of grace, the unpaid premium for the current policy year might be deducted in settlement. Plaintiff pleads, and defendant admits, a Massachusetts statute to the effect that, after payment of three full premiums:

"The holder thereof, within 30 days after any default in the payment of a subsequent premium, may elect, by a writing filed with the company at its home office, (a) to surrender the policy and * * * receive its value in cash, or (b) take paid-up insurance * * * or (c) have the policy continued in force as extended term insurance from the anniversary date last passed for its face amount, including any outstanding dividend additions and less any indebtedness thereon or secured thereby, * * * If the holder shall not within 30 days from default surrender the policy to the company for cash as provided in option (a), or elect, by a writing filed with the company at its home office, to take extended term insurance as provided in option (c), the insurance will be binding upon the company from the date of default without any further stipulation or act as provided in option (b). The paid-up or extended term insurance granted by the terms of the policy shall have a cash surrender value which shall be its net value less any indebtedness to the company.* * * " General Laws of Massachusetts, 1921, Chapter 175, Section 144.

By the terms of the policy and the Massachusetts statute, the policy lapsed in the lifetime of the insured. The insured did not, by the policy or otherwise, authorize the use of the cash value to pay the delinquent premium, nor was there any demand that it be so used. He did not die within the period of grace. The unpaid premium was not an indebtedness of the insured's to the company, deductible from the cash value. *Goodwin v. Massachusetts Mut. Life Ins. Co.*, 73 N. Y. 480. The check was not accepted or claimed as a liability or debt of the insured's. The company had no authority, and had made no agreement, to use the cash value in payment of the premium. The insured was entitled to paid-up insurance. He made no contrary election. The liability of the company at the date of the death of the insured was for the amount of the paid-up insurance. *Tyson v. Equitable Life Assur. Soc.*, 144 Ga. 729 (87 S. E. 1055).

IV. It is urged that the policy, on default, was voidable only, and not void, and that formal declaration of forfeiture and notice should be given to the insured. The defendant is

4. INSURANCE: life insurance: ipso facto lapse of policy: formal forfeiture unnecessary.

not a mutual benefit association. There is no provision for mere suspension. The provision is positive:

"Upon default in payment of any premium * * * this policy shall lapse and the company's only liability shall be such, if any, as is hereinafter provided."

Declaration and notice were clearly not contemplated by the contract, and were not required. 32 Corpus Juris 1313; *Munger v. Brotherhood of Am. Yeomen*, 176 Iowa 291.

V. Plaintiff claims that the insured died before the expiration of the period for election, and that his death operated as an election most favorable to his estate, which would be to

5. INSURANCE: life insurance: premiums: default: "paid-up" insurance as automatic result.

take the extended insurance. The language of the policy is that, in the event of lapse, the policy should become effective automatically for paid-up insurance, etc. The Massachusetts statute above quoted is that the holder may elect

by writing filed with the company, but that, if he does not, within 30 days from default, surrender the policy, the insurance will be binding upon the company as paid-up insurance. The default occurred when the premium, due July 24, 1922,

was not paid within the 31 days' grace, which expired with August 24, 1922. The insured not only did not elect against the automatic result, but after the expiration of grace sent defendant his check for the premium. As previously stated, the policy, at the expiration of grace, and in the lifetime of the insured, became one for the stipulated paid-up insurance. Neither the insured nor the company did anything to change that result.

Plaintiff says that the beneficiary might make election. The policy is treated as belonging to the estate, in accordance apparently with the provision made by it for the case of predecease of the beneficiary. At the time of the death of the insured, the policy had been converted into paid-up insurance. *Tyson v. Equitable Life Assur. Soc.*, 144 Ga. 729 (87 S. E. 1055). The estate had an admitted claim for the paid-up insurance, for which judgment was entered in the lower court.

We may say that, while objection was made to the offer in evidence of the Massachusetts statute, no point is made in argument on such objection, and the case is pleaded by plaintiff on the theory that the statute is applicable.

Plaintiff files motion to strike amendment to abstract. It is overruled.

The judgment is—*Affirmed.*

EVANS, C. J., and DE GRAFF, ALBERT, and KINDIG, JJ., concur.