Robert O. Weston and Charlotte Weston, Administratrix, etc., of James G. Weston, Deceased, Doing Business as Copartners under the Name and Style of Westchester Construction Company, Appellants, v. The State of New York, Respondent.

(Claim No. 21969.)

Third Department, March 10, 1933.

*Byrne, Jeram & Casey* [*Horace B. Casey* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*James Gibson, Assistant Attorney-General*, of counsel], for the respondent.

Per Curiam. We are asked to grant a reargument. We have affirmed unanimously heretofore a judgment of the Court of Claims dismissing the claim on the merits (236 App. Div. 873). The claim was submitted to the Court of Claims under chapter 752 of the Laws of 1931, which conferred jurisdiction on that court to determine the claim of Weston and another, copartners doing business as the Westchester Construction Company, " for damages arising out of an unforeseen soil condition affecting the prosecution of the work contemplated by contract " for the reconstruction of a portion of State Highway No. 5147. "As alleged by claimants, such unforeseen condition consisted of the encountering of eighty-five per cent solid rock in excavating through a hillside * * *, which condition was not apparent by examination and was unknown to the State, the

County of Westchester and the Westchester Construction Company, at the time of the execution of said contract, and that all parties were mutually mistaken with respect thereto."

Appellants state that they seek a reargument to the end that this court may have opportunity and may include in the decision new findings of fact which, it is said, are necessary to enable the Court of Appeals to consider and pass upon the questions of law involved. The necessity for the new findings is not apparent. The facts proven and the inferences of fact to be drawn therefrom are substantially undisputed. The proof, in a large measure, is documentary, consisting of the contract, estimate sheets, reports of engineers, surveys, tests, plans and specifications, which include cross sections, and the like, all being referred to and many included among the forty-nine findings (twenty-one in the decision and twenty-eight among claimants' requests to find) already made by the Court of Claims. By invitation of this court, claimants' attorneys have submitted their proposed new findings to the Attorney-General and that official has filed a statement in opposition. These proposed findings are before the court and consist largely of legal conclusions which, according to claimants' contention, are justified from the uncontroverted facts, and arguments affirmatively stated which they say are sustained by the facts.

The documents which largely constitute the facts in this action are referred to in the findings in such a manner as to make them a part of the findings. "We are bound by the facts as set forth in the findings, but as these contain the contract in full, the question of its interpretation is open for our consideration." (*Fleischman* v. *Furgueson,* 223 N. Y. 235, 236.) "Where the facts are controverted, and they must be determined from conflicting testimony or inferences drawn from the surrounding facts, the question becomes one of fact and not of law, and this court has no power to review. But where the facts are conceded or are not controverted a question of law arises as to the judgment that should be given thereunder." (*Griggs* v. *Day,* 158 N. Y. 1, 10.) "If there be no conflict in the evidence or in the inferences to be drawn therefrom, a question of law is presented for this court to pass upon." (*Gould* v. *Equitable Life Assurance Society,* 231 N. Y. 208, 214.)

For the foregoing reasons, the motion for reargument should be denied, but an appeal to the Court of Appeals allowed.

Motion for reargument denied. Appeal to the Court of Appeals is allowed.