13809

HORTON v. METROPOLITAN LIFE INS. CO.

(173 S. E., 307)

Before Townsend, J., Union, April, 1932.

*Mr. John K. Hamblin,* for appellant.

*Messrs. Carlisle, Brown & Carlisle* and *Sawyer & Sawyer,* for respondent,

March 16, 1934.

The opinion of the Court was delivered by Mr. W. C. Cothran, Acting Associate Justice.

In April, 1932, the plaintiff, as administrator of the estate of Robert L. Walker, deceased, brought this suit against the defendant claiming the sum of $1,600.00 and alleging that this amount, plus interest, was due upon a policy of insurance issued to Robert L. Walker on November 1, 1927. The complaint alleged that the policy was issued for $800.00 and that it contained a provision that, if the insured came to his death by accidental means, the amount of the policy should be doubled. It was further alleged that the insured died by accident on January 9, 1932. It was further alleged that every condition of the policy had been carried out by the plaintiff and his testator (intestate?)

The answer of the defendant admitted the execution and delivery of the policy, but denied liability thereon except for the sum of $80.40, for the reason that the policy had lapsed for nonpayment of the monthly premium which fell due on April 1, 1931.

It was admitted that no further premiums were paid and that the insured had come to his death by accident.

Upon these allegations, the cause was brought to trial before Judge W. H. Townsend and a jury at the February, 1933, term of the Court of Common Pleas for Union County. At the conclusion of all the testimony, the presiding Judge, upon motion of the defendant, directed a verdict for the plaintiff in the sum of $80.40, and, from the judgment entered thereon, this appeal is taken. It appears from the testimony that the plaintiff herein, a nephew of the insured, was keeping up the monthly premium payments upon the policy of $2.20 per month, and that in March, 1931, he went to the agent of the defendant and told him that on account of being out of employment, he would be unable to carry the policy. He further stated to the agent that he wanted some protection.

Adverting here to the terms and the conditions of the policy, it appears that it contained two options in case of lapse; one for a reduced amount of paid-up insurance and

one for a certain amount of cash surrender value. There was no provision for what is called extended insurance. In case of failure to pay the monthly premiums, the policy provided for the usual thirty-day grace period. On June 1, 1931, the grace period for the month of May would expire, and on that day the plaintiff gave to the agent of the defendant a check for $2.20 for the May premium, but this check was denied payment by the bank upon which it was drawn.. The policy was then undoubtedly lapsed for nonpayment, and under its terms the insured was entitled to a paid-up insurance or the cash surrender value. Up, to this point the case is perfectly clear and free from difficulty, and, as the insured had died, the agreed amount of paid-up insurance ($80.40) was all that could be claimed. But just here the waters become somewhat muddied, as they usually do when the question of waiver is injected. The plaintiff claimed that the agent of the defendant had promised him extended insurance upon the policy, although the policy contained no option as to extended insurance, and that thereby the condition as to lapse had been waived and that no further premiums would be demanded. This agreement, as testified by the plaintiff, was made in March, 1931, although the premiums for March and April were paid subsequently thereto. This contention arose out of an alleged agreement with the agent that the plaintiff would apply for another policy of insurance in the sum of $1,000.00, and that the old, lapsed policy would be exchanged for the new one. The cash surrender value of the lapsed policy or the paid-up insurance provided for under its terms would then be used to pay the premium on the new policy, if issued. This alleged agreement with the agent was had in March, 1931, before the policy had lapsed, and the application for the new policy was not made until October 4, 1931. The application was refused, and no new policy was ever issued.

The presiding Judge at first excluded the testimony offered by the plaintiff as to the agreement with the agent

relative to extended insurance, but later in the trial held that he would admit it, although incompetent. It was therefore before the presiding Judge when he made his ruling on the motion to direct a verdict. He evidently held that this testimony had no bearing whatever upon the cause of action set out in the complaint, and in this holding we see no error. The testimony certainly added no weight to the claim of the plaintiff of his right to recover upon the policy issued as to which "he had fulfilled every condition."

It is conceded by all that the policy had lapsed for non-payment of premiums and that the application for the new policy was refused. The suit was for recovery upon the policy which had lapsed; the complaint alleging that every condition of the policy had been fulfilled. Under these conditions the policy was then worth the sum of $80.40 as provided therein for paid-up insurance, and this amount was fixed upon the lapse of the policy. What this Court held in the case of *Dwyer v. Insurance Co.*, 132 S. C., 10, 129 S. E., 84, 85, becomes most applicable: "The terms of the policy are clear. Upon default in the payment of the fourth premium and failure of the owner within three months from the due date of the premium in default to exercise the option given, the policy automatically became a paid-up policy for such reduced amount of insurance as the owner of the policy was entitled to under the second option."

The order of the Circuit Judge directing a verdict for the plaintiff herein in the sum of $80.40 is affirmed.

MR. JUSTICE BONHAM concurs.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur in result.