BULGER *vs.* THE WASHINGTON LIFE INSURANCE COMPANY OF NEW YORK.

1. Where one to whom a life insurance policy was made payable, sought by bill to enforce it, on the ground that, although all the premiums had not been paid in cash, yet there were dividends which should be applied to such payments to prevent the policy from lapsing, it should have appeared that the dividends claimed were

sufficient for that purpose. In the absence of such a showing, the bill was demurrable.

2. The death of the local agent of an insurance company at the place of residence of the assured, is no excuse for non payment of premiums, so as to prevent the policy from lapsing, where by its terms premiums are payable at the home office "unless otherwise expressly agreed in writing, or to agents when they produce receipts signed by the president or secretary."

Insurance. Equity. Contracts. Before Judge FLEMING. Chatham Superior Court. May Term, 1879.

Mrs. Bulger filed her bill in equity to enforce the payment of $2,000.00 which Paul J. Bulger, her husband, had on his life in the Washington Life Insurance Company of New York, stating, in brief, the following facts: On the 12th of April, 1866, Paul J. Bulger insured with one Andrew M. Ross, the agent of the said company, for $2,000.00, for the annual premium of $58.72, the policy being for her benefit. This amount he paid for ten years to Ross, the said agent, in Savannah. On the —— of February, 1876, Ross died, and when the premium due April 12, 1876, was payable there was no agent in Savannah; hence payments stopped. No payments were made during 1876 and 1877. A few months before his death, he wrote a letter to the company stating that from memoranda sent him, he had dividends to his credit sufficient to pay for the years 1876 and 1877 up to the 12th of April, 1878; and as there was no agent in Savannah, to inform him to whom to pay the next premium. No answer was received to this, and on the 10th of February, 1878, he died. A statement was made by the company to Bulger that $117.20 of addition outstanding insurance was to his credit. This he took for dividends, and if his surmise had been correct, would have been twice $58.72, the annual premium, and would have paid for the years 1876 and 1877, to the 12th of April, 1878, and would have covered his death. After his death, the company wrote that the amount of dividends converted into cash was only $52.12, which ran his policy to 4th of

March, 1877, and declined to pay. During the first three years of his insurance, to-wit: 1866, 1867 and 1868, the company made Mr. Bulger pay $20 a year extra premium, amounting in all to $60.00, for a right he was entitled to for the original premium ($58.72), coupled with a privilege foreign to his business. [The privilege granted was to run a locomotive or stationary engine. The policy allowed the running of a stationary engine.] Three years Bulger paid this. This $60.00 extra premiums the bill endeavors to have applied as a regular premium, which would continue the policy from the 4th of March, 1877, beyond the death of the insured. The company declared a dividend in January, 1877. If the dividends to his credit on the 12th of April, 1876, ran his policy to the 4th of March, 1877, Bulger was entitled to the dividend declared for the year 1877, which should also be applied to the payment of premiums, if necessary.

In the policy attached as an exhibit to the bill, it was provided (among the ways in which the policy would become void) that it should determine " if the said premiums shall not be paid on or before the days above mentioned for the payment thereof at the office of the company in the city of New York (unless otherwise expressly agreed in writing) or to agents when they produce receipts signed by the president or secretary."

On the demurrer, the bill was dismissed and complainant excepted.

R. D. WALKER, JR., for plaintiff in error.

T. M. NORWOOD; H. B. TOMPKINS, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant to enforce the collection of a policy of insurance on the life of Paul J. Bulger, the complainant's husband, on the allegations contained therein. The defendant de-

murred to the bill, which was sustained, and the complainant excepted.

1. We find no error in sustaining the demurrer. It is not affirmatively shown by the complainant, in her bill, that the dividends due by the defendant would have been sufficient to have kept the policy alive to the date of her husband's death.

2. The reply to the allegation that the defendant's agent in Savannah was dead is, that by the terms of the policy, the premiums were to be paid at the office of the company in the city of New York, unless otherwise expressly agreed in writing.

Let the judgment of the court below be affirmed.