(23 App. Div. 5.)

BALDWIN et al. v. PROVIDENT SAV. LIFE ASSUR. SOC. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    December 7, 1897.)

1. LIFE INSURANCE—MORTUARY PREMIUMS.

A policy of life insurance called both for an annual expense premium, and also for mortuary premiums, and provided that it should be renewed from month to month upon condition that the assured paid said mortuary premiums within 30 days after notice, the policy to become null and void upon any omission to make any payment thus required.    The assured paid the annual expense premium up to March 30, 1895, and all mortuary premiums falling due up to January 30, 1895, and died February 19, 1895, without having paid a mortuary premium called January 9th, and due February 9th. *Held*, that the payments made did not continue the policy through February, and that, upon the failure to pay the mortuary premium by February 9th, the policy lapsed.

2. SAME—NOTICE—FORFEITURE.

Such a policy does not fall within the provision of section 92 of the insurance law (Laws 1892, c. 690;  2 Rev. St. [9th Ed.] p. 1174), requiring a notice from the company in order to effect a forfeiture for nonpayment.

Submission of controversy on an agreed statement of facts, between William H. Baldwin, Jr., and others, and the Provident Savings Life Assurance Society of New York.    Judgment for defendant.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles A. Boston, for plaintiffs.
William T. Gilbert, for defendant.

GOODRICH, P. J.    The plaintiffs are assignees of a policy of insurance issued by the defendant, dated March 30, 1885, on the life of L. J. Smith, by the terms of which the defendant promised to pay the amount insured within 90 days after satisfactory proof of death, provided the same should occur before April 30, 1885, and to renew and extend the insurance during each successive month upon condition that the assured pay the mortuary premiums therein provided for in the manner and at the times therein stipulated, and also, on the 1st day of each year from the date of the policy, pay $15 per year for the expense charges of the society, and that all the conditions, stipulations, and agreements upon which the policy was issued should be faithfully observed and fully carried out.    Mortuary premiums were to be paid within 30 days after notice that they were called.    By the language of the application and the policy, they are to be construed together, except, possibly, where the policy is inconsistent with the application.    The application provides that, if there was any omission to make any payment as required by the conditions of the policy, the policy should become null and void.    The policy provided, as we have seen, for the payment of the mortuary premiums within 30 days after they were called.    So that there is no inconsistency in this respect between the application and the policy.    The $15 annual expense premium was regularly paid by the assured up to and including March 30, 1895.  . The mortuary premiums falling due on or before January 30, 1895, were duly paid.    On January 9th the defendant

sent out its usual call for a premium to be paid on or before February 9th. The assured died on February 19th, without having paid the mortuary premium last mentioned.

The plaintiffs contend that by the payment of the annual expense charge on January 30, 1895, and all mortuary premiums which were called up to that date, the policy was ipso facto continued in force till the end of February; that it could not be subject to forfeiture by reason of the nonpayment of the mortuary premiums which fell due in February; and that the mortuary premiums which fell due in any month were simply a condition precedent to the renewal for the subsequent month, but could not defeat the continuance of the policy during a current month. While the law abhors a forfeiture of a policy of insurance upon any technical grounds, there is abundant authority for the proposition stated by Ruger, C. J., in Dwight v. Insurance Co., 103 N. Y. 346, 8 N. E. 655:

"Parties to an insurance contract have the right to insert such lawful stipulations and conditions therein as they may mutually agree upon, or which they may consider necessary and proper to protect their interests, and which, when made, must be construed and enforced, like all other contracts, according to the expressed understanding and intent of the parties making them. If an insurance policy, in plain and unambiguous language, makes the observance of an apparently immaterial requirement the condition of a valid contract, neither courts nor juries have the right to disregard it, or to construct, by implication or otherwise, a new contract in the place of that deliberately made by the parties. Appleby v. Insurance Co., 54 N. Y. 253; Foot v. Insurance Co., 61 N. Y. 571; Graham v. Insurance Co., 87 N. Y. 69; Armour v. Insurance Co., 90 N. Y. 539."

This, of course, does not relate to cases where there is a doubt or ambiguity. In such a case the policy is to be construed most strongly against the insurer, on the ground that he is supposed to have chosen his own language to express the terms of the contract; and, where there is a doubt, the construction will be adopted which is most favorable to the promisee. Darrow v. Society, 116 N. Y. 544, 22 N. E. 1093. But we see in the present policy no ambiguity or doubt. It clearly provides that the payment of the mortuary premiums, as they fall due, shall be the condition upon which the policy shall continue to exist. The policy dies just as certainly if a mortuary premium is not paid as it does if the annual expense premium is not paid. The one is no more necessary to the life of the contract than the other. This is the clear agreement of the parties. It is our simple duty to declare the contract into which the parties entered, even if that works a forfeiture. The evidence presents a failure of the assured to comply with the reasonable requirements of his contract as expressed in the policy. He did not fulfill its conditions, and therefore the contract was ended.

The plaintiffs' counsel also contends that the notice or call for the payment of the mortuary premiums is not a sufficient compliance with section 92 of the insurance law (2 Rev. St. [9th Ed.] p. 1174), because it does not contain a reference to the right of the assured to a surrender value or paid-up policy. The policy, however, falls within the exception of the section; that is, it is either a policy issued upon the payment of a monthly premium, or it is a term insurance contract for a year or less, in which case no notice is necessary; and in this

view we are sustained by the decision of the court of appeals in Mc-Dougall v. Society, 135 N. Y. 551, 556, 32 N. E. 251.

Judgment should be entered for the defendant.    All concur.