[1]Hon. IRA B. JONES, Chief Justice.
[2]Hon. EUGENE B. GARY, Chief Justice.
Hon. EUGENE B. GARY, Associate Justice.
Hon. C. A. WOODS, Associate Justice.
Hon. D. E. HYDRICK, Associate Justice.
[3]Hon. R. C. WATTS, Associate Justice.
[4]Hon. T. B. FRASER, Associate Justice.

8028

TERRY v. STATE MUTUAL LIFE INSURANCE CO.

Insurance.—Where a policy provides that premiums may be paid annu-
ally, semiannually, or quarterly, and that dividends due the insured
may be used in paying premiums, failure to pay a premium after
notice when due, or to request the dividend applied to it and to pay
the difference, lapses the policy.

Before Prince, J:, Hampton, March, 1911. Reversed.

Action by C. S. Terry against State Mutual Life Insur-
ance Company of Rome, Ga. Defendant appeals.

*Mr. James W. Moore,* for appellant, cites: *Failure to
pay premium caused policy to lapse:* 28 N. J. Eq. 167; 177
Fed. 482; 81 Ind. 300; 24 Mich. 268; 93 U. S. 24. *Rela-*

---

[1]Resigned January 9, 1912.        [3]Elected January 9, 1912.
[2]Elected January 10, 1912.        [4]Elected January 12, 1912.

1—90

*tion of insured to Mutual Co.:* 49 S. C. 402; 62 S. C. 192.
*Effect of report of referee:* 1 Strob. Eq. 272; 6 Rich. Eq.
313, 320; 20 S. C. 295. *Interest is not recoverable under
pleadings here:* 47 S. C. 176.

November 7, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. On November 28, 1905, the
defendant company issued to Wm. Bartlett Terry a policy
of insurance for one thousand dollars payable on his death
to his mother, the plaintiff, if then living. The first annual
premium of $16.32 was paid which carried the contract up
to November 28, 1906. The insured was notified that the
second annual premium would be due on November 28,
1906, and that he had to his credit in the hands of the
defendant a dividend amounting to $2.45 which was applicable to the payment of the premium for the succeeding year,
or convertible into participating paid up insurance, if he
should so wish. The insured made no further payment on
account of premium, and died on the night of January
10, 1907.

The policy allowed thirty days grace in payment of premiums after the first during which the policy would remain
in full force.

It was further provided that the policy should share
annually in the distribution of surplus and that "dividends
will be applied to the payment of the succeeding year's
premium; or may be drawn in cash if all premiums under
this policy have been paid." The policy further provided
that "every policyholder has the right at the time any premium falls due to pay a semiannually or quarterly premium
according to the association schedule for the kind of policy
held by him, and the same will continue the policy in force
the time paid for."

A quarterly premium would have been $4.33 if election
had been made to pay premium quarterly. If the dividend

of $2.45 to the credit of the insured on November 28, 1906, was applicable to payment of premium for a less period than three months it would have been sufficient to continue the policy in force beyond the date of the death of the insured. Upon the death of the insured his mother, the plaintiff beneficiary, demanded payment of the policy which was refused and thereafter she brought this action.

The special referee W. H. Townsend to whom the issues had been referred found the facts as above stated, which are undisputed, and concluded as matter of law that the defendant was not bound under the terms of the contract to apply the $2.45 dividend in its hands for the credit of the insured to the payment of premium for any period, in the absence of a tender of additional funds sufficient to pay $4.33, the premium for three months from November 28, 1906, the lowest renewal premium provided for in the contract, and that by reason of the default the policy was not in force at the death of the insured.

On exception to the report of the referee Judge Prince overruled the referee in his conclusion of law and gave judgment for the plaintiff for $1,266.38, including interest from May 10, 1907, the date on which defendant denied liability.

The main contest now before this Court on exceptions is whether the Circuit Court was in error in not sustaining the report of the special referee and in holding that the dividend of $2.45, belonging to the insured in the hands of the defendant, should have been applied by defendant to continue the policy in force for a period less than three months.

We are clearly of the opinion that the Circuit Court was in error and that upon the facts stated the policy was not in force at the death of the insured.

There is nothing in the contract of insurance to authorize payment of the premium for a less period than three months, on the contrary the express stipulation extends only

to the payment of premiums annually, semiannually or quarterly and for a continuance of the policy for the time paid for. The dividend being insufficient to pay premium for the shortest period provided for, and there being no tender of additional money sufficient to make up payment for even the shortest period allowed, and nothing to show consent of the defendant to apply the dividend to *pro rata* payment of quarterly premium, or waiver of its right to stand upon the terms of the contract. There is nothing the Court can do but declare the policy lapsed, for noncompliance with the condition of its continuance according to the contract.

The case of *Ætna Life Ins. Co.* v. *Hartley*, 67 S. W. Rep. (Ky.) 21, cited for appellant, is not to the contrary, as in that case the insurance company *elected* to apply the dividend to the payment of the premium and therefore could not declare a forfeiture for nonpayment of premium during the time *pro rata* the dividend was sufficient to cover, the Court conceding that the company could not have been compelled to accept less than the full premium in order to continue the policy in force and could not have been compelled to apply to the premium a dividend less than the premium.

This conclusion renders it unnecessary to consider the question as to interest on the policy, which becomes immaterial in the view we take as to the main question.

The judgment of the Circuit Court is reversed and the complaint is dismissed.