No. 9203.

## CASON v. MUTUAL LIFE INSURANCE COMPANY.

1. LIFE INSURANCE—*Policy Construed.* A policy provided that in consideration of the premium paid at date of issue, and an annually increasing premium upon April 1st of each succeeding year, the insurer should pay the beneficiary, on the death of the insured, a specified sum; that "all premiums are payable in advance at the home office. A grace of thirty days, subject to interest, shall be granted for the payment of every premium after the first, during which time the insurance shall remain in force. If any premium be not paid before the end of the period of grace this policy shall immediately become void."

It was provided that the insured should participate in the surplus of the company; that dividends should (1) be paid in cash, (2) applied toward the payment of premiums or, (3) left to accumulate to the credit of the policy.

Held that the policy was a "yearly renewal term policy," different from other forms of life insurance; that the insurance was distinctly from year to year; that it could be renewed only while the contract was in force, and by the payment of the full premium; and that only in like case could the option to apply diivdends to the payment of the premium be exercised.

2. WAIVER—*Of Forfeiture of Insurance Policy.* Correspondence between the insured and the insurer evidencing an effort on the part of both to renew the contract upon different terms, *held* not a waiver of any right in the insurer to insist upon a previous forfeiture.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

Mr. ARCHIBALD A. LEE, for plaintiff in error.

Mr. CHARLES WATERMAN, Mr. WILLIAM A. JACKSON, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

FLOY P. CASON, plaintiff, brought suit as beneficiary in an insurance policy issued by The Mutual Life Insurance Company of New York, defendant, upon the life of her hus-

band. At the close of her testimony the company interposed a motion for a non-suit, which was allowed. She brings the cause here for review.

The policy in question was issued in April, 1912. In it the defendant covenants, in consideration of the premium paid on the date of issue, and in the further consideration of the payment of an annually increasing premium upon the first day of April of each succeeding year, during the continuance of the policy, to pay to the beneficiary a sum fixed by the policy upon the death of the insured. It also provides for payment of premiums in advance, with thirty days or one month of grace, which ever is the longer, after the expiration of the year for which the payment of the last premium kept the policy alive.

It then provides as follows:

"All premiums are payable in advance at said home office or to any agent of the company upon delivery, on or before date due, of a receipt signed by an executive officer of the company.   *   *   *

"A grace of thirty days (or one month if greater) subject to an interest charge at the rate of five per centum per annum, shall be granted for the payment of every premium after first, during which time the insurance shall continue in force. If death occur within the period of grace, the overdue premium and the unpaid portion of the premium for the then current year, if any, shall be deducted from the amount payable hereunder.

"Except as herein provided, the payment of a premium or installment thereof shall not maintain this policy in force beyond the date when the next premium or installment thereof is payable. If any premium or installment thereof be not paid before the end of the period of grace, then this policy shall immediately cease and become void, and all premiums previously paid shall be forfeited to the company, except as hereinafter provided."

Dividends and the disposal thereof are stipulated for in the following language:

"This policy shall participate in the surplus of the company and the proportion of the surplus accruing hereon shall be ascertained and distributed annually on the anniversary of its date of issue. At the option of the insured or the owner of this policy such dividends shall be either:

"(1) Paid in cash, or (2) applied toward the payment of any premium or premiums; or (3) left to accumulate to the credit of the policy with interest at the rate of three per centum per annum, and payable at the maturity of the policy, but withdrawable on any anniversary of the policy.

Under the scale of premiums agreed upon the deceased otherwise within three months after the mailing of a written notice requiring the election of one of the three above options, the dividends shall be paid in cash."

Under the scale of premiums agreed upon the deceased was assessed the sum of $91.20 as premium for the year in which he died.

Terms upon which lapsed policies may be reinstated are as follows:

"Unless the original term for which this policy was issued has expired, it may be reinstated at any time within three years from date of default in payment of any premium, upon evidence of insurability satisfactory to the company, and upon payment of the arrears of premium with interest thereon at the rate of five per centum per annum."

The policy is designated as a "Yearly Renewable Term" policy, and under the caption, "Notice to Policy Holder," is found the following:

"As this policy is on the yearly renewable term plan, the premiums will increase yearly, as shown by the table herein, and they will increase more rapidly as time goes on. Owing to the low rate of premium charged, the dividends on this policy will be small, and must not be confused with those on ordinary forms of policy."

The insured failed to pay the premium which fell due on April 1st, 1916, and some correspondence issued in reference thereto between him and the defendant. On May 18,

1916, the insured died, not having paid or attempting to pay that premium. Some time after his death the beneficiary received from the defendant company blank forms upon which to designate the manner in which a dividend then due, under the terms of the policy, should be applied. Mrs. Cason filled out one of them, in which she elected to have the dividend applied to the payment of the current premium, and on the 23rd of June, 1916, tendered the same, together with the balance of the yearly premium, to the agent of the company. The tender was refused, and defendant declining to recognize the right of the beneficiary to so elect, denied any liability upon the ground that the policy had lapsed.

The sole question is whether the policy was in force at the death of the insured. It is plain that it is a renewal term contract, and that under its provisions there is a new contract of insurance each year, provided the one condition precedent is fulfilled, to-wit: the payment of the premium within the time limit. Failure to perform that condition terminates the contract.

Plaintiff contends that the policy gives an option to apply dividends to the payment of premiums. But the policy also provides that the insurance shall cease if the premium is not paid within the period of grace, and that the contract is for a term of one year, renewable only upon the payment of the annual premium in advance. Manifestly the option must be exercised while the contract is yet in force, and a full annual premium must be paid.

At the time of the death of the insured a dividend had accrued upon the policy in the sum of $22.70. It is argued that the insurance company is bound by the terms of the policy to apply this dividend to any overdue premium and so keep the policy in force, and that there is no evidence that the company ever gave notice of this accrued dividend or that it ever required the insured to elect how it should be applied. It is also contended that the notice to elect sent the beneficiary after the death of the insured, and her re-

sponse thereto and tender of the balance of the premium, was insufficient to reinstate the policy. Also, that in any event, the correspondence above mentioned between the company and the insured, following the non-payment of the premium in question, was a waiver of whatever right to declare the policy forfeited the company might have had. It is argued that this is true regardless of whether the policy is a whole life policy, or one, as stated in the contract, for a renewable term.

As noted above, the policy is designated as a "yearly renewable term" policy, which is a distinct form of insurance differing from a life policy, and other forms. It is for a specific period of time. In this case it was for a yearly period, with one month of grace, and to be kept in force, according to its terms, must have been renewed each year before it had lapsed. The payment of the yearly premiums was a condition precedent to a renewal. In *New York Life Insurance Company v. Statham*, 93 U. S. 24, 23 L. Ed. 789, the forms of term insurance and whole life policies are contrasted and discussed on page 30, as follows:

"We agree with the court below, that the contract is not an assurance for a single year, with a privilege of renewal from year to year by paying the annual premium, but that it is an entire contract of assurance for life, subject to discontinuance and forfeiture for non-payment of any of the stipulated premiums."

In *Rosenplanter v. Provident, etc., Society*, 96 Fed. 721, 37 C. C. A. 566, 46 L. R. 473, a renewable term policy was under discussion, and at page 727 the court said:

"The contract which the parties themselves made was one for an insurance for a single year, with a privilege of renewal for succeeding years upon condition of the payment of an additional premium upon the day named in the policy. Failure to renew it according to contract put an end to the policy without more ado."

Also in *McDougall v. Provident, etc., Society*, 135 N. Y.

551, 32 N. E. 251, where the court described and construed the policy there involved in the following language:

"Defendant further promised 'to renew and extend this insurance during successive years from the date thereof, upon condition that the assured shall pay on or before the 23rd day of June in each succeeding year during the continuance of the contract   *   *   *   .' It is plain that this policy was a contract for an insurance for the term of one year only, providing, however, by its terms for its renewal for successive years upon compliance by the insured with the conditions named."

See also *Haas v. Mutual Life Ins. Co.,* 84 Neb. 682, 121 N. W. 996, 26 L. R. A. (N. S.) 747, 19 Ann. Cas. 58; *Hartford, etc., Co. v. Walsh,* 54 Ill. 164, 5 Am. Rep. 115; *Baldwin v. Provident, etc., Society,* 23 App. Div. 5, 48 N. Y. Supp. 462; *Roberts v. Aetna Life Ins. Co.,* 101 Ill. Appeals 313; *Brady v. Ins. Co.,* 11 Mich. 443; *Jenkins v. Ins. Co.,* 171 Mo. 375, 71 S. W. 688.

It is plain from the terms of the policy that the insurance was distinctively from year to year, subject to renewal only upon compliance with its provisions. The insured had allowed the policy to lapse, and the correspondence between him and the defendant shows an effort upon the part of both to renew the contract upon different terms as to the payment of the premiums. This, however, was not a waiver of any of the rights of defendant.

There is nothing in the policy which required the company to apply the dividend due to the partial payment of the annual premium. The Supreme Court of the United States, in *Slocum v. Ins. Co.,* 228 U. S. 364, 57 L. Ed. 879, 33 Sup. Ct. 523, Ann. Cas. 1914-D 1029, in discussing the question whether an insurance company is bound to accept partial payments of premiums, said, at page 374:

"The policy plainly provided for the payment of the stipulated premium annually within the month of grace following the due day, and as plainly excluded any idea that payment could be made in installments distributed through

the year. Concededly, there was no payment of the whole premium in question, and as a partial payment was not within the contemplation of the policy, nothing was gained by handing to the agent the check   *   *   *   unless what he did in that connection operated as a waiver of full and timely payment."

In the case at bar it was not within the contemplation of the policy that partial payments would be allowed. Indeed, the correspondence mentioned above was, among other things, a tentative effort to change the terms of payment under the policy to semi-annual or quarterly payments of the premium, and to reinstate the policy under those proposed new terms.

There is no provision in the policy authorizing the application of dividends to the purchase of extended insurance, or providing for the purchase of any insurance less than for a whole year, or for the payment of anything less than a full annual premium. There was nothing under this policy to be forfeited and therefore nothing which could be waived, because the failure to pay the premium had put an end to the contract. If the condition precedent is not performed the policy dies, and if it is to be revived, it must be by a new agreement between the parties.

In any event, regardless of whether the policy is a term policy or an entire life policy, there is nothing in the correspondence which warrants a holding that the lapse of the policy was waived. The letter chiefly relied upon by plaintiff is the one dated May 10, 1913, which appears upon its face to be a stereotype form probably sent to all policy holders who permit their contracts to lapse by failure to pay premiums.

Upon a full and careful examination of the policy it must be concluded that it is one for a fixed term of one year, with a period of grace added, and may be renewed at the end of each year by paying the full premium due under its terms; that the payment of such yearly premium within the time specified is a condition precedent to renewal; that

the failure to make such payment terminates the policy; that it has no provision either authorizing or requiring the company of its own motion to apply dividends to the payment, either partially or wholly, to any premium or premiums due; and that it contains absolutely no provision for extended insurance by a partial payment of a premium.

It conclusively appearing that the insured had not paid the current premium, and had therefore permitted the policy to lapse, it is unnecessary to discuss any of the other points raised by the plaintiff.

The terms of the policy are direct, clear and without ambiguity. They leave no room for construction. It is the function of courts to enforce contracts according to their precise terms and not to attempt to modify or change them or to make a different contract between the parties from that into which they themselves have voluntarily entered.

The judgment of the trial court in dismissing the action was right and should be affirmed.

Judgment affirmed.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.

On application for rehearing, Bailey, J.:

The main contention on rehearing is that the court in its opinion fails to give effect to the words in the policy, "Except as hereinafter provided," and that this provision has not had consideration by the court in reaching a conclusion.

These words appear in this clause of the policy:

"If any premium or installment thereof be not paid before the end of the period of grace, then this policy shall immediately cease and become void, and all premiums previously paid shall be forfeited to the company, except as hereinafter provided."

The expression, "except as hereinafter provided," has not the slightest application to the question of the termination of the policy. It plainly refers to the forfeiture of premiums previously paid, and to that alone. This is clearly apparent, not only from grammatical construction, but in view of the other provisions of the policy which make it

manifest beyond the possibility of doubt, that the only way to continue the policy in force is by the payment of the agreed premium when due, or within the period of grace allowed.

The clause under discussion simply provides that as a result of the fact that the policy has lapsed, it is expressly agreed that all premiums previously paid are forfeited, except only those which are returnable under the dividend clause. Such clearly is the sole and only purpose and effect of the limitation in question. There appears to be no room for a difference of opinion on this proposition.

Rehearing denied.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.

Decided May 5, 1919. Rehearing denied October 6, A. D. 1919.