## 23018. METROPOLITAN LIFE INSURANCE COMPANY v. SMITH.

JENKINS, P. J. 1. "The punctual payment of insurance premiums, as and when due, is of the essence of the contract of insurance, and a failure to make such payment in strict compliance with the terms of the contract, in the absence of a waiver expressly made or arising by reasonable implication, results in a forfeiture of the policy." *Plumer* v. *Continental Casualty Co.,* 12 *Ga. App.* 594 (77 S. E. 917); *Illinois Life Ins. Co.* v. *McKay,* 6 *Ga. App.* 285, 289 (64 S. E. 1131). After a default in the payment of a life-insurance premium, and a consequent lapse of the policy, notice to the insured of the default and of the insurer's intention to declare a forfeiture is not necessary, in the absence of statute or contract expressed in the policy or otherwise. Such a forfeiture provision in the policy is self-executing. 37 C. J. 525 (§ 258); 32 C. J. 1313, § 562.

2. Without an agreement to the contrary, the partial payment of a life-insurance premium when not within the contemplation of the policy is not effective to keep the policy in force, unless the insurer, when receiving such partial payment, does something in that connection which operates as a waiver of full and timely payment. *Bulger* v. *Washington Life Ins. Co.,* 63 *Ga.* 328; Slocum *v.* N. Y. Life Ins. Co., 228 U. S. 364 33 Sup. Ct. 523, 57 L. ed. 879, Ann. Cas. 1914D, 1029); *Bank of Commerce* v. *N. Y. Life Ins. Co.,* 125 *Ga.* 552 (2) (54 S. E. 643); 32 C. J. 1312, § 560.

3. Where a life-insurance policy requires the payment of specified semiannual premiums, with the right, on written request of the insured approved by the insurer at its home office, to change such payments to annual or quarterly installments, and where at the time a semiannual premium is due and not paid the insured is entitled to a credit of an accrued dividend from the insurer, which amounts to less than what a quarterly installment of the premium would be, and the insured dies just before the end of three months from the due date of such premium and the grace allowed under the policy, the fact that the insured was entitled to a credit for such dividend if he had paid the balance due on his premium would not keep the policy in force, after it had automatically lapsed under its terms for nonpayment of the premium. This would be true even though the insurer sent to the insured a notice showing what the balance of the premium would be after deducting therefrom the dividend, since such a credit would be in anticipation of payment of the balance of the premium as provided in the notice, and thus amount to no more than a conditional or tentative application of the dividend to that purpose, and would be ineffective to constitute a waiver or estoppel against the insurer, where the insured failed to accept the provisions of the notice, and to pay the balance so provided. In no event could the owner of the policy claim a pro tanto extension of the policy proportional to the amount of the dividend, so as to extend it until the time of death, especially where the insured failed to make any written request, approved by the insurer, to change the time or method of payment of the semiannual premiums as required by the policy. See Terry v. State Mutual Life Ins. Co., 90 S. C. 1 (72 S. E. 498); Cason v. Mutual Life Ins. Co., 67 Colo. 199 (184 Pac. 296, 6 A. L. R. 1401), and cit.

4. Where the terms of a life-insurance policy entitled the insured, on lapse of the policy for nonpayment of premium, to the option of receiving its cash surrender value, or paid-up insurance for a reduced amount, or insurance for a reduced period of time, but provided that if the insured did not within three months after default exercise such options as required, "the policy shall be continued for a reduced amount of paid-up insurance," the policy, on failure of the insured to exercise his options, automatically became a paid-up policy for such reduced amount of insurance as the owner of the policy was entitled to have under the second option. Dwyer v. Metropolitan Life Ins. Co., 132 S. C. 10 (129 S. E. 84), and cit. See also *Tyson* v. *Equitable Assurance Society*, 144 *Ga.* 729 (87 S. E. 1055).

5. "The demand for payment in full of a future premium subsequently to the breach of a condition which would have entitled the insurer to insist upon a forfeiture of the contract will be held to be a waiver of the forfeiture, and be treated as an acknowledgment that the delinquent policyholder is still entitled to the benefits conferred by his contract." *Williams* v. *Empire Mutual Ins. Co.*, 8 *Ga. App.* 303 (7) (68 S. E. 1082); *Farmers Mutual Ins. Co.* v. *Kilgore*, 39 *Ga. App.* 528 (2) (147 S. E. 725); *Farmers Mutual Life Asso.* v. *Elliott*, 4 *Ga. App.* 342 (61 S. E. 493). But a letter from the insurer, merely notifying the insured as to the amount of a past-due premium, without demanding payment, especially where it advises him as to the lapse of the policy or the terms of

reinstatement, requiring both payment of the premium and the satisfying of the insurer as to insurability, will not operate as a waiver or estoppel against the insurer. In the instant case, secondary evidence by the plaintiff, admitted without objection, as to a part of the contents of letters from the insurer to the insured, showed a mention of the amount of premium but no demand for its payment, and did not disclose the context or nature of the letters stating such amount. For aught shown by the evidence, the occasion and contents of the letters may have been a notice of forfeiture, or instructions as to the method of reinstatement. The burden being on the plaintiff to show that the insurance company expressly or impliedly waived a forfeiture made by the defaulted premium, by inconsistent acts necessarily showing an intention to retain the policy in force, and this and other evidence for the plaintiff failing to show such waiver, the court erred in directing a verdict in favor of the plaintiff for the full amount of the policy less the outstanding loan.

6. Under the ruling in paragraph 3 above, the provisions of the policy, and the admitted liability and tender by the insurance company, the plaintiff in any event was entitled to a verdict in her favor for the amount of $223. The judgment for the plaintiff is therefore affirmed on condition that the plaintiff, if she shall see proper, shall write off all except that sum by the time the remittitur from this court is made the judgment of the court below; and on her failure so to do, the judgment of the court below will be reversed.

*Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 17, 1934.

*Parks, Garrett & McDonald,* for plaintiff in error.
*Parker & Parker,* contra.