29002.   SMITH *v.* NEW YORK LIFE INSURANCE CO.

DECIDED JUNE 11, 1941.   REHEARING DENIED JULY 24, 1941.

*Joel B. Mallet, Gambrell & White,* for plaintiff.
*C. L. Redman, Bryan, Middlebrooks & Carter,* for defendant.

FELTON, J. Mrs. Annie Joe S. Smith brought this suit on a policy of insurance issued on the life of her son in which she was named the beneficiary. At the conclusion of the trial, on motion by the defendant, the judge directed a verdict for it. A motion for new trial was filed, and the exception here is to the order overruling the motion.

The only question with which we are concerned is whether or not the policy was in force at the time of the death of the insured. It was stipulated between counsel that the policy sued on was issued on March 20, 1930; that the first semi-annual premium was paid at the time of the issuance of the policy; that the semi-annual premium which was due on September 20, 1930, was not paid when due or within the grace period allowed by the policy, but that thereafter the policy was reinstated on November 6, 1931, and premiums on the policy were paid to March 20, 1932, but not including the premium due on March 20, 1932; that the premium due on March 20, 1932, was never paid; that the insured died intestate on April 30, 1932; that at the end of the second insurance year on March 20, 1932, there was available a dividend of $6.49 apportioned to the policy sued on; that the company informed the beneficiary that the policy had lapsed for nonpayment of premiums, and sent her its check for the amount of the dividend, which she refused to accept.

The policy sued on provided that it was issued in consideration of a named sum paid in advance and the application attached to the policy, and a like amount payable in advance semi-annually thereafter. It also provided: "The proportion of divisible surplus accruing upon this policy shall be ascertained annually. Beginning at the end of the second insurance year, and on each anniversary thereafter, such surplus as shall have been apportioned by the company to this policy shall at the option of the insured be either (a) . . (b) applied toward payment of premiums; or (c) . .; or (d)." The application for the insurance which is attached to and made a part of the policy shows that the insured elected that his dividends be applied to the payment of the premiums as they became due on the policy. The policy further provided that there would be no automatic extended insurance until after three full years' premiums had been paid.

The contention of the plaintiff in error is briefly that since the

insured had elected that the dividends apportioned to his policy be applied toward the payment of the premiums the dividend earned by the policy should be so applied, and would have the effect if so applied of keeping the policy in life beyond the date of the death of the insured. We are unable to agree with this contention and to find any cases which would authorize the application of dividends contended for. It is true that there are circumstances by which the company may estop itself to plead the forfeiture, but none of these circumstances appears in the case at bar. So far as we.have been able to find *Metropolitan Life Insurance Co.* v. *Smith,* 48 *Ga. App.* 245 (172 S. E. 654), states the law in cases such as the one under consideration, both in Georgia and the general rule as followed in other jurisdictions in this country. We hold then, that in the absence of an agreement to the contrary, or circumstances which would estop the company from asserting the forfeiture, the company is under no duty to apply an earned dividend towards the payment of a premium when the dividend is not sufficient to pay the entire premium, and no offer to pay and no payment is made of the balance of the premium for the period stipulated by the policy. It was not error for the court to overrule the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*