## BUSH v. PRUDENTIAL INS. CO. OF AMERICA.

### No. 19964.

District Court, E. D. Pennsylvania.

Sept. 22, 1943.

Raymond S. Shortlidge and Henry A. Frye, both of Philadelphia, Pa., for plaintiff.

Kendall H. Shoyer, of Philadelphia, Pa., for defendant.

BARD, District Judge.

Defendant filed a motion to set aside the judgment and a motion for a new trial.

. This action was brought by plaintiff as beneficiary under a $3,000 policy of life insurance, with double indemnity for accidental death, issued by the defendant to her husband on July 14, 1930. The jury rendered a verdict for plaintiff for $10,244.-90. The sole question is whether the policy was in force at the time of the accidental death of the insured on June 11, 1931, or whether it had lapsed for non-payment of a quarterly premium due April 14, 1931.

The testimony discloses that in 1930 the plaintiff's husband had been the holder of a policy of term insurance issued by the defendant in the amount of $5,000, of which plaintiff was the beneficiary. In June of 1930 he apparently decided to discontinue that policy and to take out the policy on which the present suit was brought. At that time there was due him as a dividend on the $5,000 policy the sum of $18.80. Plaintiff testified that the agent of the defendant agreed to apply this sum to the payment of premiums on the new policy, which amounted to $32.82 quarterly. Defendant's testimony indicated that it was instructed to, and did, apply this dividend to the payment of a premium for another extension of the $5,000 policy.

Plaintiff's husband paid the full quarterly premium of $32.82 on the new policy on July 14, 1930, October 14, 1930, and January 14, 1931. Plaintiff further testified that complaint was made to the defendant's agent and to the defendant about its failure to give plaintiff's husband credit on the premiums due under the new policy for the dividend of $18.80 due him on the old policy, but that no satisfaction had ever been obtained on this complaint. The issues were further complicated by the fact

[1] No opinion for publication.

of prior unsuccessful action by the plaintiff against the defendant on the $5,000 policy, which fact, by reason of the jury's verdict and of the matters hereinafter discussed, becomes irrelevant.

The policy in suit contained a provision entitled "Grace in Payment of Premiums" which reads as follows: "In the payment of any premium under this Policy, except the first, a grace of thirty-one days without interest will be allowed, during which time the Policy will remain in force, but if the Policy shall become a claim by death within the grace period the unpaid premiums for the then current policy year shall be deducted from the amount of insurance payable."

Plaintiff's theory was that defendant's agreement to accept the dividend of $18.80, due her husband under the $5,000 policy, on account of the premium due on the policy in suit operated to keep this policy in force after the due date of the unpaid quarterly premium on April 14, 1931, for the proportionate part of three months that that sum bore to $32.82, the premium then due. This, according to the testimony, would have kept the policy in force until June 5, 1931. Plaintiff further contends that by reason of the grace period allowed by the policy it remained in force another thirty-one days, during which the insured was killed.

The case was submitted to the jury under the plaintiff's theory and it rendered a verdict for the plaintiff. This establishes the facts in accordance with the testimony on behalf of the plaintiff and leaves for consideration the question whether under those facts the plaintiff is legally entitled to recover.

■ It is conceded by the plaintiff that the law is well settled that an insurer cannot be compelled to accept less than a full premium or to apply a dividend less than a full premium so as to extend the term of the policy proportionately. Reynolds v. Equitable Life Assur. Soc., 142 Pa.Super. 65, 15 A.2d 464; Equitable Life Assur. Soc. v. Pettid, 40 Ariz. 239, 11 P.2d 833; Bulger v. Washington Life Ins. Co., 63 Ga. 328; Hollister v. Quincy Mut. Fire Ins. Co., 118 Mass. 478; Young v. Mutual Trust Life Ins. Co., 54 N.Dak. 600, 210 N.W. 177, 53 A.L.R. 910; Terry v. State Mut. Life Ins. Co., 90 S.C. 1, 72 S.E. 498.

■ Her contention is, however, that where a company has agreed to apply a dividend in its hands or has actually applied it on account of a premium due, its policy is extended for the proportionate part of the premium period that the dividend bears to the premium, citing Ætna Life Ins. Co. v. Hartley, 67 S.W. 19, 24 Ky. Law Rep. 57; Citizens' Life Ins. Co. v. Boyle, 139 Ky. 1, 129 S.W. 303; Inter-Southern Life Ins. Co. v. Omer, 238 Ky. 790, 38 S.W.2d 931; Halliday v. Equitable Life Assur. Soc., 54 N.D. 466, 209 N.W. 965, 47 A.L.R. 446. Careful analysis of these authorities renders somewhat doubtful the extent to which they support plaintiff's proposition. However this may be, there is considerable authority that an insurer's acceptance of an amount less than a premium due, or its application against a premium of a dividend less than the amount of the premium, does not operate to keep the policy in force for the proportionate part of the premium period and does not prevent forfeiture of the policy if the insured fails to pay the balance of the premium within the time prescribed by the policy. Mackie v. Prudential Ins. Co., 148 Pa.Super. 498, 25 A.2d 736; Weinstein v. Mutual Trust Life Ins. Co., 116 Conn. 654, 166 A. 63, 92 A.L.R. 708; Metropolitan Life Ins. Co. v. Smith, 48 Ga.App. 245, 172 S.E. 654; Alexander v. Northwestern Mut. Life Ins. Co., Mo.App., 290 S.W. 452.

I am of the opinion that the latter authorities are sounder. It is difficult to accept the reasoning which makes an agreement to apply an accrued dividend on account of a premium subsequently becoming due an agreement to keep the policy in force for a pro-rata period. It seems plain that the agreement is actually not so intended, but is made rather as a means of convenience to both the policy holder and the company, and that to construe it in accordance with plaintiff's theory superimposes a legal consequence not contemplated by the parties.

■ Even assuming, however, that some leniency were to be afforded to the insured or beneficiary in determining the legal consequences of the insurer's application of a dividend under these circumstances "in order to prevent a forfeiture", there appears to be no justification whatsoever for extending the policy for the thirty-one day grace period in addition to the pro rata extension. As pointed out above, the policy in the instant case provided that: "In the payment of any premium under this Policy, a grace period of thirty-one days without interest will be allowed, during which time the Policy will remain in force * * *." The

times for the payment of all premiums were stipulated in the policy and the reference in the grace period provision is plainly to the payment of the premiums at the times and in the manner provided for by the policy. The grace period runs from the time payments were due "under this Policy" and not, as plaintiff contends and as is necessary to sustain the verdict in her favor in this case, from the end of the extended period during which, under the authorities cited by the plaintiff, the policy might have been kept in force by virtue of the defendant's agreement to apply the accrued dividend on account of the premium payable April 14, 1931. On this point see Metropolitan Life Ins. Co. v. Smith, supra; Alexander v. Northwestern Mutual Life Ins. Co., supra.

It follows that the submission of the case to the jury under the plaintiff's theory was error, and that accordingly defendant's motion to set aside the verdict and judgment must be granted and judgment entered in favor of the defendant.